IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AAA COOPER TRANSPORTATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11cv181-WHA-CSC |
| | ) (WO) |
| WES-PAK, INC., and VIMY RIDGE PARTNERS, LLC, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on a Motion to Amend (Doc. #27) filed by Plaintiff AAA Cooper Transportation ("AAA Cooper") on May 20, 2011.  Defendant Vimy Ridge Partners, LLC ("VRP") opposes the Motion to Amend.

AAA Cooper filed a Complaint (Doc. #1) in this court on March 15, 2011, against Wes-Pak, Inc. ("Wes-Pak"), VRP, and Pratt Industries (USA) Inc. ("Pratt").[1]  In the Complaint, AAA Cooper asserted a "Breach of Contract/Debt & Assumpsit" claim against Wes-Pak; a claim for attorney's fees against Wes-Pak; and a fraudulent transfer claim against Wes-Pak, VRP, and Pratt.[2]

Wes-Pak filed an Answer (Doc. #9), though it stated in its Answer that it denied that this court was the proper venue as to AAA Cooper's fraudulent transfer claim, and also raised venue and personal jurisdiction as affirmative defenses.

---

[1] Pratt has been dismissed from this case, without prejudice.  Doc. #36.

[2] AAA Cooper did not denominate each of its complaints as "Counts."

Subsequently, VRP filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b), arguing that (1) this court did not have personal jurisdiction over VRP; (2) venue in this court was improper; and (3) the Complaint failed to state a claim upon which relief could be granted with respect to the fraudulent transfer claim.

AAA Cooper filed a response to the Motion to Dismiss. AAA Cooper also sought to amend its Complaint, to bolster its assertion that this court has personal jurisdiction and venue over all of the claims in this case. AAA Cooper's Amended Complaint added "more factual and legal bases" for personal jurisdiction and venue, and added a claim of "Fraud and Conspiracy to Defraud" against Wes-Pak and VRP.

VRP opposes AAA Cooper's Motion to Amend, citing the same general reasons it listed in its Motion to Dismiss as reasons why amendment of AAA Cooper's Complaint is futile. Wes-Pak does not oppose the Motion to Amend.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleadings as a matter of course within

> (A)   21 days after serving it, or
> (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). However, a party that may not amend as a matter of course "may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has elaborated that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, AAA Cooper filed its Complaint, VRP responded by filing a Motion to Dismiss pursuant to Rule 12(b), and subsequently, AAA Cooper sought leave to file the Amended Complaint at issue here.  VRP opposes AAA Cooper's Motion on the ground that amendment would be futile.

As a preliminary response, AAA Cooper asserts that VRP cannot challenge the Motion to Amend, because it has not yet filed an answer in this case.  AAA Cooper would be correct in 2007, but is not correct today.  In 2007, Rule 15(a) stated simply that "[a] party may amend the party's pleading once as a matter of course *at any time before a responsive pleading is served*."  In fact, in that year, the Eleventh Circuit even interpreted a factual scenario very similar to the one at bar and ruled in the way that AAA Cooper asks this court to rule now.  *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007) ("If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.").

Yet Rule 15(a) has changed since 2007.  In 2009, Rule 15(a) was modified to allow amendments as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier*."  Fed. R. Civ. P. 15(a)(1)(B) (emphasis added).  This modification makes it clear that Motions to Amend may not be made as a matter of course

with respect to defendants who have filed *either* an answer or a Rule 12(b), (e), or (f) motion, unless the amendment is made within 21 days of the answer or motion.  In this case, AAA Cooper's Complaint, a pleading to which a responsive pleading is required, was met with VRP's Rule 12(b) Motion to Dismiss, and AAA Cooper did not seek leave to amend within 21 days of VRP's Motion.  Accordingly, AAA Cooper cannot amend as a matter of course with respect to VRP.

AAA Cooper further substantively opposes VRP's argument that the Amended Complaint is futile.  This dispute, however, is essentially identical to the dispute between AAA Cooper and VRP over VRP's earlier-filed motion to dismiss.  Specifically, VRP argues that AAA Cooper's Amended Complaint does not satisfy the deficiencies VRP noted in its earlier-filed Motion to Dismiss, while AAA Cooper argues that the Amended Complaint satisfies those purported deficiencies, to the extent the original Complaint had any deficiencies.

This court concludes that it will evaluate the issue of futility of amendment in this case in the same way that it would evaluate a motion to dismiss, if such a motion to dismiss were filed against the Amended Complaint.  First, the court notes that "[l]eave to amend a complaint is futile when the complaint as amended *would still be properly dismissed* or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (emphasis added).  Second, VRP's argument that the Amended Complaint is futile raises nearly identical objections as VRP's earlier-filed Motion to Dismiss, and AAA Cooper's response raises nearly identical arguments as VRP's earlier-filed response to VRP's Motion to Dismiss.  Thus, it is proper for this court to evaluate the opposition of the Motion to Amend in the context of a motion to dismiss, and in doing so, this court will consider the parties' arguments

made with respect to both the earlier briefing on the Motion to Dismiss, as well as the briefing with respect to the Motion to Amend.  The court will consider these arguments as if they were made in the context of a motion to dismiss the Amended Complaint.

To ensure that the parties have notice and an opportunity to respond to this court's decision to analyze the futility argument within the context of a motion to dismiss, it is hereby ORDERED that both parties may, if they so chose, object to this procedure, or file any new arguments with respect to the Motion to Amend or Motion to Dismiss,[3] **by July 27, 2011**.

Done this 18th day of July, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The parties need not file any new arguments, and need not repeat the arguments previously made.