IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AAA COOPER TRANSPORTATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:11-CV-181-WHA-CSC |
| | ) | |
| WES-PAK., AND., | ) | (wo) |
| VIMY RIDGE PARTNERS. LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on Defendant Vimy Ridge's Objection to Testimony by J. David Kuntz (Doc. #44).

The Defendant timely filed his Objection on September 7, 2011, pursuant to the August, 30, 2011 Order issued by this court.  That Order cancelled the evidentiary hearing previously set for August 30, 2011 at 2:00 p.m.  It further ordered the Defendant to file an objection to testimony by J. David Kuntz by September 7, 2011, and the Plaintiff to file a response to that objection by September 14, 2011.  The Plaintiff timely filed his Response in Opposition to Defendant Vimy Ridge Partners, LLC, to Testimony of J. David Kuntz (Doc. # 46) on September 14, 2011.

The Defendant contends that Rule 3.7 of the Alabama Rules of Professional Conduct prohibits J. David Kuntz from testifying at the evidentiary hearing to determine this court's personal jurisdiction over Defendant Vimy Ridge.  Rule 3.7 generally prohibits a lawyer from testifying at a trial in which he is also an advocate for one of the parties. *See* Alabama Rules of Prof'l Conduct 3.7.  Even though the text of the rule uses the word "trial," the Defendant cites an

assortment of cases in support of its contention that this rule applies to pre-trial evidentiary hearings as well. *See Robinson v. Howell*, 726 So. 2d 283, 285 (Ala. Civ. App. 1998) (explaining that testifying as a witness and serving as counsel for one party "is generally not recommended, because of concerns about professional ethics," but choosing not to disqualify the counsel or penalize the party at all); *see also Inglett & Co., Inc. v. Everglades Fertilizer Co., Inc.*, 255 F.2d 342, 349 (5th Cir. 1958)[1] (noting the difficulty that a lawyer faces when an attorney has "to drop his garments of advocacy and take on the somber garb of an objective fact-stater"); *Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, No. 07-2253-DJW, 2009 WL 902424, at *6 (D. Kan. March 31, 2009) (finding that the defendant's attorney of record was a necessary witness for trial and should be precluded from testifying at trial and at evidentiary hearings since such testimony could later be used at trial and would reveal the attorney's dual role of witness and advocate; however, the court did not disqualify the attorney from helping in pre-trial matters unbeknownst to the jury); *Brotherhood Ry. Carmen of U.S. and Canada v. Delpro Co.*, 549 F. Supp. 780 (D. Del. 1982) (interpreting Delaware's Lawyer's Code of Professional Responsibility, a pre-cursor to the Rules of Professional Conduct, and finding that a lawyer-witness that ought to testify, at trial or at a pre-trial hearing, to material issues of the litigation would be due to be disqualified); *Cottonwood Estates, Inc. v. Paradise Builders, Inc.*, 624 P.2d 296, 300 (Ariz. 1981) (explaining that allowing an attorney to testify at trial as a witness can create appearances of impropriety, confusion in the jury, and ineffectiveness in the system).

      The Plaintiff, armed with an informal opinion from the Office of General Counsel from Alabama State Bar written at the request of the Plaintiff, argues that his testimony does not

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

violate Rule 3.7 because the facts Mr. Kuntz will testify to have no bearing on the statutory fraud claim between the Plaintiff and the Defendants.  Furthermore, the informal opinion from the Alabama State Bar notes that the dual role of attorney and witness is unlikely to confuse a fact-finder in an evidentiary hearing to determine jurisdiction and that the Plaintiff's case is only strengthened by the fact that Mr. Kuntz's testimony is allegedly unrelated to the statutory fraud claim.  The Plaintiff also distinguishes *Robinson v. Howell*–the only Alabama state case cited by Defendant Vimy Ridge–from the present case.  In that case, the court simply cautioned that a lawyer should be wary when serving in a dual role during a Rule 60(b) hearing, but the court found in favor of the dual-role attorney's party and did not disqualify the attorney.  *Robinson*, 726 So. 2d at 285.

      This court finds the informal opinion of the General Counsel instructive and the case law cited by the Defendant to be distinct from the present matter.  The cases cited by the Defendant dealt with attorneys that were likely to testify at trial, had testified at trial, or knew information that was essentially necessary to trial on the merits.  None of those scenarios has presented itself in this case, and therefore, the Defendant's Objection is due to be overruled.  Nothing in this Order should be read to preclude Defendant Vimy Ridge from objecting on other grounds to any of the testimony sought from Mr. Kuntz during the hearing, or from later moving to disqualify counsel at trial, if deemed appropriate..

      Also, the Plaintiff raises a discovery issue in its Response in Opposition to Defendant Vimy Ridge Partners, LLC, to Testimony of J. David Kuntz (Doc. # 46).  The Plaintiff alleges that Defendant Vimy Ridge has made two witnesses, Mr. Lessel and Mr. Westerman, unavailable for depositions at this time.  The court will refer this discovery issue to the appropriate Magistrate Judge for determination.

It is hereby ORDERED

1.) Defendant's Objection to Testimony by J. David Kuntz (Doc. #44) is OVERRULED.

2.) Plaintiff's Request that Defendant make Mr. Westerman and Mr. Lessel available for deposition is REFERRED to the Magistrate Judge.

Done this 16th day of September, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE