IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AAA COOPER TRANSPORTATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:11-CV-181-WHA-CSC |
| | ) | |
| WES-PAK., AND., | ) | (wo) |
| VIMY RIDGE PARTNERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on Plaintiff AAA Cooper Transportation's ("AAA Cooper") Motion to Dismiss Without Prejudice (Doc. # 62) filed on May 1, 2012, and Wes-Pak's Response (Doc. # 68) filed on May 16, 2012.  AAA Cooper is seeking to have this case voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1); however, because Wes-Pak filed an Answer to the original Complaint on April 11, 2011 (Doc. #9) and an Answer to the Amended Complaint (Doc. # 59) on March 16, 2012, before the filing of this motion, AAA Cooper cannot voluntarily dismiss this case without an order from the court in the absence of a stipulation of dismissal signed by all the parties.  Because no such stipulation has been filed, Rule 41(a)(2) governs the Plaintiff's Motion.

The court "must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) (citing *American Cyanamid Company v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963)).  "[I]n most cases, a voluntary dismissal should be granted

unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants*, 781 F.2d at 856-67).

Wes-Pak has raised six reasons for which the court should deny AAA Cooper's Motion to Dismiss Without Prejudice: (1) AAA Cooper has failed to set forth legitimate reasons for dismissal; (2) Wes-Pak has incurred considerable expense over the one year that this case has been pending; (3) Wes-Pak filed an Answer before this Motion was filed; (4) the Motion could have been made earlier and is untimely; (5) granting this Motion now will result in a waste of judicial time and economy, and (6) granting this motion will allow AAA Cooper the opportunity to avoid potential issue or claim preclusion arguments in its next suit.  For the reasons to be discussed, the court finds that none of these reasons should bar dismissal without prejudice, but with conditions.

First, the court, not AAA Cooper, measures and weighs the equities in a case when faced with a Rule 41(a)(2) motion to dismiss.  The court looks at the prejudice that Wes-Pak would suffer if the court grants the Rule 41(a)(2) motion, and, with that in mind, the court rules in a way that does justice between the parties.  Accordingly, Wes-Pak's first contention does not warrant denial of AAA's Motion.

Second, Wes-Pak argues that it has suffered considerable expense because of this suit because it has been pending for over a year.  The court is unpersuaded by this argument.  No discovery as to the merits of this case has taken place.  The only ruling that has taken place in this case has been the resolution of this court's personal jurisdiction over Defendant Vimy Ridge Partners, LLC. This ruling involved Wes-Pak in only a *de minimis* way, other than attendance at an evidentiary hearing on the jurisdictional motion.   As such, Defendant Wes-Pak could not

have incurred any truly substantial cost given the fact that this case is still in the very early stages of litigation.

Third, the court has already addressed the fact that AAA Cooper filed its Motion after Wes-Pak had filed its Answer. To reiterate, because AAA Cooper filed its Motion after the filing of Wes-Pak's Answer, Rule 41(a)(1) does not govern, but, instead, Rule 41(a)(2)'s procedure governs this action.

Fourth, Wes-Pak argues that the dismissal should have been sooner because the amount of time that has passed in this litigation will necessarily prejudice it. If AAA Cooper had wanted to guarantee a dismissal without prejudice, it could have done so if it had filed this Motion before Wes-Pak filed its Answer. However, Rule 41(a)(2) is in place for those times in which a plaintiff fails to file its motion before an answer has been filed. The court has already explained the minimal involvement that Wes-Pak has played thus far in the suit. Moreover, there is no reason for the court to find that Wes-Pak would be prejudiced by the granting of AAA Cooper's Motion, since, as noted above, the mere prospect of another lawsuit does not constitute legal prejudice.

Fifth, the court does not find that granting this motion will result in anything other than a *de minimis* amount of judicial waste. At this point, the court has only ruled on the threshold issue of jurisdiction as to one of the Defendants. The court has not, as of yet, ruled on any substantive issues in this case. Given that Wes-Pak's Answer to the Amended Complaint has only recently been filed, and no scheduling order has been entered, the court finds that granting the Motion at this time will cause almost no disruption in the case between these parties.

Lastly, Wes-Pak argues that it would somehow be prevented from raising res judicata or collateral estoppel arguments in another court if the court grants AAA Cooper's Motion. This

argument must fail.  Preclusion arguments are those that are made to the court in which a party is seeking to have an issue or claim precluded from being re-litigated.  The granting of AAA Cooper's Motion will not in any way prevent another court from considering preclusion arguments made by Wes-Pak.  Moreover, Wes-Pak argues that certain claims would be re-litigated by AAA Cooper if this Motion is granted, but this argument also misses the mark.  None of AAA Cooper's claims have been litigated thus far, and the only ruling that this court has made has concerned the threshold issue of jurisdiction over Vimy Ridge Partners, LLC.  None of AAA Cooper's substantive claims have been addressed by this court or litigated by the parties, and, accordingly, AAA Cooper will not be able to re-litigate that which it has not previously litigated.

The court does find, however, that a condition should be required before granting the motion.  AAA Cooper elected to file this suit in Alabama, but now wishes to dismiss it without prejudice for the avowed purpose of reserving its option to file another lawsuit against Wes-Pak in another state.  To allow AAA Cooper to reserve that option, the court finds it appropriate to require it to pay to Wes-Pak the sum of $2,000 to apply to Wes-Pak's attorneys fees and expenses incurred in this case as a prerequisite to the filing of any such suit in the future.

Therefore, the court having weighed the equities between the parties, it is hereby ORDERED that AAA Cooper's Motion to Dismiss Without Prejudice will be GRANTED on the following conditions imposed pursuant to *Fed.R.Civ.P.* 41(a)(2):

1. Before AAA Cooper files a new suit against Wes-Pak for claims included, or which could have been included, in this suit, it must pay to the attorneys for Wes-Pak in this case the sum of $2,000 to be applied to attorneys fees and expenses incurred here.

2. AAA Cooper must file a statement in this court **no later than June 28, 2012**

stipulating and agreeing to this condition; otherwise, the motion will be denied.

Done this 19th day of June, 2012.

                                      /s/ W. Harold Albritton  
                                      W. HAROLD ALBRITTON  
                                      UNITED STATES DISTRICT JUDGE